*670
SUMMARY ORDER

Petitioner Jun Wei Zhang, a native and citizen of the People’s Republic of China, seeks review of an October 12, 2007 order of the BIA denying his motion to reopen. In re Jun Wei Zhang, No. A029 792 113 (B.I.A. Oct. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Zhang’s untimely motion to reopen.
The BIA correctly observed that Zhang failed to demonstrate either material changed country conditions sufficient to excuse the untimely filing of his motion to reopen or his prima facie eligibility for relief. See 8 U.S.C. § 1229a (c)(7); see also INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). While Zhang argues that the BIA abused its discretion in its consideration of record evidence, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Ail’d affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Zhang further argues that the BIA abused its discretion when it found that his failure to authenticate the purported Village Committee notice diminished the weight of that document. While Zhang correctly asserts that the agency errs when it rejects a document solely based on an individual’s failure to authenticate pursuant to 8 C.F.R. § 287.6; see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 403 (2d Cir.2005), we find no abuse of discretion here, where the BIA gave the notice limited weight because it was a photocopy that bore no signature, seal, or other authenticating information. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency).
Finally, we are without jurisdiction to consider Zhang’s argument that the BIA erred as a matter of law in declining to reopen his proceedings sua sponte. Ali, 448 F.3d at 518. We dismiss the petition for review to that extent.
For the foregoing reasons, the petition for review is DENIED in part, and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).